IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CLYDE ZACHERY,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:06-cv-314 (HL) |
| **CRAWFORD COUNTY BOARD OF EDUCATION d/b/a CRAWFORD COUNTY SCHOOLS OR CRAWFORD COUNTY SCHOOL DISTRICT,** | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss Remaining Claim (Doc. 31).

In an order entered on September 24, 2008 (Doc. 20), this Court granted, in part, and denied, in part, Defendant's Motion for Summary Judgment. The Court found that Defendant was entitled to judgment as a matter of law on Plaintiff's Title VII claim for race discrimination in hiring and on Plaintiff's ADEA claim for age discrimination in hiring, and accordingly granted summary judgment as to those issues. The Court found that there were issues for determination by a jury with respect to whether Defendant's failure to pay Plaintiff the same number of summer days as other non-minority employees was motivated by race, and denied Defendant's motion as to Plaintiff's claim under Title VII for discrimination in pay.

Defendant has now filed a Motion to Dismiss the Title VII pay discrimination claim on the basis that Plaintiff failed to exhaust his administrative remedies as to that claim. There is no dispute that Plaintiff failed to state a claim for race discrimination in pay in the charge of discrimination filed with the EEOC. Defendant argues that Plaintiff's claim fails because of the lack of exhaustion, and to the extent Plaintiff may claim that Defendant waived the exhaustion defense, the issue was being raised before the pretrial conference and before any judgment has been rendered.

The Court points Defendant's counsel to page 4 of its order on Defendant's Motion for Summary Judgment, footnote 1 to be exact.

> The Court notes that Zachery did not state a claim for either race or age discrimination in pay in the charge of discrimination filed with the EEOC. (Zachery Dep. Ex. 10). Zachery raised a Title VII claim of discrimination in pay based on race for the first time in his complaint. (Compl. ¶ 12). Defendant did not raise a challenge to the inclusion of this claim in the complaint. **Thus, the Court deems waived any challenge to the inclusion of this claim based on failure to include it in the charge of discrimination.** See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 121, 122 S. Ct. 2061, 2076 (2002) (noting that the Title VII administrative filing requirement is subject to waiver, estoppel, and equitable tolling).

(emphasis added).

It is also worth noting that Defendant waited over ten months after the Court's order on its Motion for Summary Judgment to raise this issue, and brought it to the Court's attention only three days before the scheduled pretrial conference, even though it has known for two weeks that the case was scheduled for trial. As this Court stated

in Wilshin v. Allstate Ins. Co., 212 F.Supp.2d 1360 (M.D. Ga. 2002), "[t]he fact that Defendant waited almost two years after the case was filed to state with specificity that Plaintiff's claim was untimely will not be overlooked.  While the Court would have welcomed Defendant's argument earlier in the litigation, the Court is unwilling to let Defendant come forth with a valid reason for dismissing the case after the Plaintiff's case has been pending for over two years." Id. at 1370.  The case at bar has been pending for nearly three years.  Defendant admits that it only made general denials that Plaintiff did not exhaust his administrative remedies.  Even if the Court had not already found that Defendant waived its right to raise the exhaustion defense, it likely would reach the same conclusion based on the facts before it.

While Defendant just filed this Motion to Dismiss, the Court has in effect already ruled on it.  The Court clearly stated in its previous order that any challenge to the pay discrimination claim based on failure to include it in the EEOC charge was waived.  Accordingly, Defendant's Motion to Dismiss Remaining Claim (Doc. 31) is **DENIED**.  This case will be tried during the week of August 17, 2009.

**SO ORDERED**, this the 6th day of August, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

3