IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CLYDE ZACHERY,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 5:06-cv-314 (HL) |
| **CRAWFORD COUNTY** : **SCHOOL DISTRICT,** : | |
| Defendant. : | |

## ORDER

This matter is before the Court on Defendant's Motion in Limine (Doc. 32), which the Court grants, in part, and denies, in part, as more fully discussed below.

During the pretrial conference held on August 10, 2009, the parties resolved a number of the issues raised in the Motion. Accordingly, sections 1 through 5 of Defendant's Motion are **GRANTED**, and the parties shall be prohibited from introducing any evidence about or referring to the matters raised in those sections.

In section 6 of the Motion, Defendant has moved the Court for an order prohibiting Plaintiff from introducing evidence of allegedly discriminatory pay prior to September 11, 2004. 42 U.S.C. § 2000e-5 provides that back pay may be recovered for up to two years preceeding the filing of the EEOC charge. 42 U.S.C. § 2000e-5(g). The EEOC charge in this case was filed on November 12, 2003. Defendant has taken the position, however, that the appropriate date for the two-year period to begin is two years before the lawsuit was filed, instead of two years prior to when the EEOC charge

was filed, as the allegedly discriminatory pay was not mentioned in the charge and the lawsuit was the first official notice of the pay discrimination claim.  This lawsuit was filed on September 11, 2006.  Plaintiff believes the Court should allow him to reach back and recover pay from November 12, 2001 until judgment is entered, if judgment is entered in his favor.

Defendant has not presented any legal authority to support its position that the two-year period should be measured from the date of the complaint.  Even though the pay discrimination claim was not presented in the EEOC charge, the Court is bound by the clear language of the statute, which states that the two-year period runs from the date the charge is filed.  In any event, this Court has already held that Defendant has waived any challenge to the inclusion of the pay discrimination claim based on failure to include it in the EEOC charge.  In the Court's opinion, this waiver extends to the claim for damages, and the Court will treat the pay discrimination claim as if it was included in the EEOC charge.

It is worth noting that Congress considered, and rejected, a proposal that would have limited backpay liability to a date two years prior to filing a complaint in court, and instead "adopted a substantially more liberal limitation, i.e., a date two years prior to filing a charge with the EEOC."  Albemarle Paper Co. v. Moody,  422 U.S. 405, 421 n. 13, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).  The Court will take a similar liberal stance in this case, and **DENIES** section 6 of Defendant's Motion.

As for section 7, wherein Defendant moved the Court for an order prohibiting any evidence about or reference to any other African-American coaches allegedly being discriminated against or paid less than their white counterparts, the Motion is **GRANTED**.  In the event, however, that Plaintiff can present the Court with a case prior to trial where another court has allowed similar evidence, the Court will reconsider its ruling.

**SO ORDERED**, this the 13th day of August, 2009.

                                         *s/  Hugh Lawson*
                                         **HUGH LAWSON, SENIOR JUDGE**

mbh